[Cite as *In re Staten*, 2011-Ohio-4321.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263

IN RE: BRODY D. STATEN

BRODY D. STATEN

SHARON G. STATEN

Applicants

Case No. V2011-60051

Commissioners:
Susan G. Sheridan, Presiding
William L. Byers IV
E. Joel Wesp

ORDER OF A THREE
COMMISSIONER PANEL

{1}On July 19, 2010, the applicant, Sharon Staten, filed a compensation application on behalf of her son Brody Staten. The applicant alleges that Brody was a victim of an assault which occurred on May 8, 2010. On September 28, 2010, the Attorney General issued a finding of fact and decision denying the applicant's claim for an award of reparations, since the applicant failed to prove by a preponderance of the evidence that Brody Staten was a victim of criminally injurious conduct. On October 28, 2010, the applicant submitted a request for reconsideration. On December 27, 2010, the Attorney General rendered a Final Decision finding no reason to modify its initial decision. On January 18, 2011, the applicant filed a notice of appeal from the December 27, 2010 Final Decision of the Attorney General. Hence, a hearing was held before this panel of commissioners on April 20, 2011 at 12:10 P.M.

{2}Neither the applicant, Sharon Staten, nor Brody Staten attended the hearing. Assistant Attorney General Megan Hanke appeared on behalf of the state of Ohio.

{3}The Attorney General made a brief statement for the panel's consideration. The Attorney General related that the applicant's compensation application had been

denied since the applicant failed to prove, by a preponderance of the evidence, that Brody Staten was a victim of criminally injurious conduct.   The police investigation conducted by the Tallmadge Police Department revealed that Mr. Staten was found lying in a parking lot with a head injury and in a very intoxicated state.   Mr. Staten was unable to inform police as to how he sustained his injuries.   Mr. Staten's injuries were the result either of a fall or an assault.   Accordingly, there was insufficient evidence presented to allow the Attorney General to determine whether Mr. Staten's injuries were the result of criminally injurious conduct.   Therefore, the Attorney General asserts that its Final Decision should be affirmed.   Whereupon, the hearing was concluded.

{4}R.C. 2743.51(C)(1) in pertinent part states:

"(C) 'Criminally injurious conduct' means one of the following:

"(1) For the purposes of any person described in division (A)(1) of this section, any conduct that occurs or is attempted in this state; poses a substantial threat of personal injury or death; and is punishable by fine, imprisonment, or death, or would be so punishable but for the fact that the person engaging in the conduct lacked capacity to commit the crime under the laws of this state."

{5}The applicant must prove criminally injurious conduct by a preponderance of the evidence.   *In re Rios* (1983), 8 Ohio Misc. 2d 4.

{6}Black's Law Dictionary Sixth Edition (1990) defines preponderance of the evidence as: "evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not."

{7}Black's Law Dictionary Sixth Edition (1990) defines burden of proof as: "the necessity or duty of affirmatively proving a fact or facts in dispute on an issue raised between the parties in a cause.   The obligation of a party to establish by evidence a requisite degree of belief concerning a fact in the mind of the trier of fact or the court."

{8}The applicant must produce evidence which furnishes a reasonable basis for sustaining her claim.   If the evidence furnishes a basis for only a guess, among

different possibilities, as to any essential issue in the case, she fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82.

{9}From review of the case file and upon full and careful consideration of the statement presented at the hearing, we find the applicant has failed to prove by a preponderance of the evidence that Brody Staten was a victim of criminally injurious conduct. It is unknown how he sustained his injury and accordingly, the Attorney General's Final Decision of December 27, 2010 must be affirmed.

IT IS THEREFORE ORDERED THAT

{10}1) The December 27, 2010 decision of the Attorney General is AFFIRMED;

{11}2) This claim is DENIED and judgment is rendered for the state of Ohio;

{12}3) Costs are assumed by the court of claims victims of crime fund.

_____
SUSAN G. SHERIDAN
Presiding Commissioner


_____
WILLIAM L. BYERS IV
Commissioner


_____
E. JOEL WESP
Commissioner

ID #I:\VICTIMS\2011\60051\V2011-60051 Staten.wpd\DRB-tad

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Summit County Prosecuting Attorney and to:

Filed 5-27-11

Jr. Vol. 2278, Pgs. 191-194
Sent to S.C. Reporter 8-26-11