[Cite as *In re Henderson*, 2012-Ohio-6364.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

IN RE: CAROLYN E. HENDERSON

CAROLYN E. HENDERSON

      Applicant

Case No. V2011-60930

Judge Alan C. Travis

<u>DECISION</u>

---

{¶1} This matter came on to be considered upon the Attorney General's appeal from the June 27, 2012 order issued by the panel of commissioners. The panel's determination reversed the final decision of the Attorney General, which denied applicant's claim for an award of reparations based upon the finding that applicant did not qualify as a victim of criminally injurious conduct pursuant to R.C. 2743.51(C)(1).

{¶2} R.C. 2743.52(A) places the burden of proof on an applicant to satisfy the Court of Claims Commissioners that the requirements for an award have been met by a preponderance of the evidence. *In re Rios*, 8 Ohio Misc.2d 4 (1983). The panel found, upon review of the evidence, that applicant presented sufficient evidence to meet her burden.

{¶3} The standard for reviewing claims that are appealed to the court is established by R.C. 2743.61(C), which provides in pertinent part: "If upon hearing and consideration of the record and evidence, the judge decides that the decision of the panel of commissioners is unreasonable or unlawful, the judge shall reverse and vacate the decision or modify it and enter judgment on the claim. The

decision of the judge of the court of claims is final."

{¶4} The Attorney General asserts that the decision of the panel of commissioners was unreasonable and unlawful in finding that applicant proved by a preponderance of the evidence that she was a victim of criminally injurious conduct. Applicant asserts that the alleged offender, a Kroger employee, had acted in a threatening manner when he became agitated after applicant requested assistance while she was attempting to pay for her groceries. At the panel hearing, applicant testified that the employee spun the carousel upon which her groceries had been placed, causing the groceries to fall to the floor. Applicant testified that the employee then walked to the cash register and began opening and closing drawers in a disruptive manner. According to applicant, the employee threw boxes which hit a beam that was located between her and the employee, propelling dust and metal clippings into her eyes. Applicant subsequently sought treatment for her eyes at a hospital emergency room and a physical examination revealed that "no foreign material" was detected. Applicant testified that she reported the incident to the Mansfield Police Department; however, the panel noted in its decision that neither an incident report nor a police report was presented at the hearing.

{¶5} Based upon the evidence, the panel concluded that applicant proved by a preponderance of the evidence that the employee's conduct constitutes criminally injurious conduct. The panel found that applicant's testimony and the statements in the medical records that are attributed to her were sufficient to show that she qualifies as a victim of criminally injurious conduct pursuant to R.C. 2743.51(C)(1) which provides, in relevant part:

{¶6} "(C) 'Criminally injurious conduct' means one of the following:

{¶7} "(1) For the purposes of any person described in division (A)(1) of this section, any conduct that occurs or is attempted in this state; poses a substantial threat of personal injury or death; and is punishable by fine, imprisonment, or death * * *"

{¶8} R.C. 2903.13 [Assault], provides, in pertinent part:

{¶9} "(A) No person shall *knowingly* cause or attempt to cause physical harm to another or to another's unborn.

{¶10} "(B) No person shall *recklessly* cause *serious* physical harm to another or to another's unborn. * * *"

{¶11} As the panel noted in its decision, the court has previously held that "the uncorroborated statement of the applicant does not constitute sufficient proof, by a preponderance of the evidence, to establish the criminally injurious conduct occurred." *In re Warren*, V2008-30014tc (9-5-08), citing *In re Minadeo*, V79-3435jud (10-31-80).

{¶12} Although the panel found applicant's testimony to be credible, applicant's statements are inconsistent regarding whether the employee intended to throw boxes at her. The court notes that plaintiff informed her physician that the employee "threw a box down near her, and dust and debris got in her eyes." Indeed, applicant was not struck by a thrown box, rather she testified that a box or boxes struck a beam that separated her from the employee. The court finds that such conduct was, at most, reckless and did not subject applicant to a risk of serious harm. Absent proof that the employee's conduct posed a substantial threat of personal injury or death, applicant cannot sustain her burden of proving that she was a victim of criminally injurious conduct.

{¶13} Based on the evidence and R.C. 2743.61, it is the court's opinion that the decision of the panel of commissioners was unreasonable and unlawful. Therefore, this court reverses the decision of the three-commissioner panel, and hereby denies applicant's claim.

{¶14} Upon review of the evidence, the court finds the order of the panel of commissioners must be reversed.

{¶15} IT IS HEREBY ORDERED THAT:

**{¶16}** 1) The order of June 27, 2012, (Jr. Vol. 2283, Pages 78-84) is reversed;

**{¶17}** 2) This claim is DENIED and judgment entered for the State of Ohio;

**{¶18}** 3) Costs assumed by the reparations fund.

ALAN C. TRAVIS
Judge

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Richland County Prosecuting Attorney and to:

Filed 10-10-12
Jr. Vol. 2284 Pg. 30
Sent to S.C. reporter 7-19-13