[Cite as *In re Ford*, 2023-Ohio-3338.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| IN RE:  DANIELLE FORD | Case No. 2022-00200VI |
| DANIELLE FORD | Magistrate Daniel R. Borchert |
| Applicant | <u>DECISION OF THE MAGISTRATE</u> |

**{¶1}** On August 2, 2021, applicant, Danielle Ford, filed a compensation application seeking an award for medical expenses, counseling expenses, and mileage stemming from an unwanted sexual encounter on June 20, 2009.

**{¶2}** On November 28, 2021, the Attorney General ("AG") issued a finding of fact and decision denying applicant's claim because it was unable to find that applicant was the victim of criminally injurious conduct.  Applicant submitted a request for reconsideration to the AG on December 13, 2021.  The request asserted that the wrong police report was considered, and the wrong detective was consulted; applicant provided the correct case number and the detective's contact information.

**{¶3}** On February 9, 2022, the AG rendered a final decision finding no reason to modify the original decision.  On March 9, 2022, applicant filed notice of appeal from the AG's final decision.

**{¶4}** The AG transmitted its case file for applicant's claim on March 23, 2022. The file contains two police reports concerning the incident applicant alleged occurred in June of 2009.  The police report dated December 12, 2011, case number 11204271CPD, states:

"12/11/11 Victim walked into police HQ to report a sexual assault. Victim stated that in June of 2009 she was at a party drinking. Victim stated that the suspect talked [victim] into going into a public room ( possibly a laundry room ), Once in the room suspect talked the victim into having sex with [him]. Victim stated that the suspect didn't force her but she didn't want to have sex. Victim stated that the suspect performed vaginal intercourse on her without wearing a condom. Victim

stated that she didn't wish to prosecute the suspect she only wanted a report filed on the incident."

**{¶5}** Another police report dated April 2-4, 2019, case number 193004577, was also in the AG's file. This police report states that a detective with the Columbus Division of Police sat down with applicant and the alleged suspect and that the suspect stated that he remembered applicant but that he never engaged in sexual relations with her, forced or consensual.

**{¶6}** Applicant submitted a brief prior to the hearing. Applicant asserted that the AG made the decision that applicant was not a victim based on the fact that no criminal charges were brought as a result of the alleged assault.

**{¶7}** Hence, a hearing was held before this magistrate on May 11, 2023, at 10:00 a.m.

**{¶8}** Applicant, Danielle Ford, did not appear at the hearing despite being notified and being emailed the appropriate link to join the hearing virtually. The Court waited ten minutes after the scheduled time of the hearing to allow applicant to participate. However, applicant never joined the hearing. The state of Ohio was represented by Assistant Attorney General Lauren Angell.

**{¶9}** The AG argued that the facts of this case, even taking what applicant stated as true, do not establish that criminally injurious conduct occurred. The AG stated that there was not enough evidence in the police reports or applicant's statements in the filings to prove that applicant was a victim of criminally injurious conduct. The AG cited *In re Meyers*, V2016-00906 (5-5-17) aff'd jud (5-31-17). *In re Johnson*, V2014-00772jud (6-25-15) and *In re Moore*, V2014-00699jud (1-29-15), as cases that establish that if there are merely statements made by the applicant and no other evidence, that is not enough to prove that the applicant was the victim of criminally injurious conduct. Therefore, the AG requested that the Final Decision of February 9, 2022, be affirmed.

**{¶10}** With regard to the criminally injurious conduct, the applicant has the burden of proof to show by a preponderance of the evidence that she was a victim of criminally injurious conduct. *In re Rios*, 8 Ohio Misc.2d 4, 455 N.E.2d 1374 (Ct. of Cl. 1983). The definition of "criminally injurious conduct" under R.C. 2743.51(C)(1) states that "[f]or the purposes of any person described in division (A)(1) of this section, any conduct that

occurs or is attempted in this state; poses a substantial threat of personal injury or death; and is punishable by fine, imprisonment, or death, or would be so punishable but for the fact that the person engaging in the conduct lacked capacity to commit the crime under the laws of this state. * * *"

{¶11} The applicant must produce evidence which furnishes a reasonable basis for sustaining her claim. If the evidence furnishes a basis for only a guess, among different possibilities, as to any essential issue in the case, she fails to sustain the burden as to such issue. *In re Staten*, V2011-60051tc (5-27-11), 2011-Ohio-4321, citing *Landon v. Lee Motors, Inc.* 161 Ohio St. 82, 118 N.E.2d 147 (1964). "[T]he uncorroborated statement of the applicant does not constitute sufficient proof, by a preponderance of the evidence, to establish the criminally injurious conduct occurred." *In re Henderson,* V2011-60930jud (January 10, 2012), 2012-Ohio-6364 citing *In re Warren*, V2008-30014tc (9-5-08) and *In re Minadeo*, V79-3435jud (10-31-80). See also *In re Meyers*, V2016-00906jud (5-31-17), *In re Johnson*, V2014-00772jud (6-25-15) and *In re Moore*, V2014-00699jud (1-29-15).

{¶12} Here, applicant failed to produce evidence outside of her uncorroborated statements to the police. Therefore, she was unable to prove that she was a victim of criminally injurious conduct.

{¶13} Based upon the evidence, it is this magistrate's decision that the Attorney General's denial of applicant's claim was reasonable. Therefore, it is recommended that the Attorney General's decision of February 9, 2022, be affirmed.

{¶14} *A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
DANIEL R. BORCHERT
Magistrate

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to:

Filed 5/17/23
Sent to S.C. Reporter 9/20/23

**IN THE COURT OF CLAIMS OF OHIO**

| IN RE: DANIELLE FORD | Case No. 2022-00200VI |
|---|---|
| DANIELLE FORD | Judge Lisa L. Sadler |
| Applicant | <u>ORDER</u> |

{¶15} On May 11, 2023, a hearing was held in this matter before a Magistrate of this court. On May 17, 2023, the Magistrate issued a Decision wherein he found that applicant failed to prove, by a preponderance of the evidence, that she was a victim of criminally injurious conduct. Accordingly, the Magistrate recommended the Attorney General's Final Decision be affirmed.

{¶16} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." No objections were filed.

{¶17} Upon review of the claim file, and the Magistrate's Decision, it is the Court's finding that the Magistrate was correct in his analysis of the issues and application of the law. Accordingly, this court adopts the Magistrate's Decision and recommendation as its own.

{¶18} IT IS HEREBY ORDERED THAT

{¶19} The May 17, 2023 Decision of the Magistrate is ADOPTED;

{¶20} This claim is DENIED and judgment entered for state of Ohio;

{¶21} Costs assumed by the reparations fund.

LISA L. SADLER
Judge

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Franklin County Prosecuting Attorney and to:

Filed 6/7/23
Sent to S.C. Reporter 9/20/23